■ In the Matter of JOAN M. GAUGHAN ATLAS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [784 NYS2d 393]—

Per Curiam. Respondent was admitted to practice in New York by this Court in 1990 and was previously admitted to practice in Pennsylvania where she maintained a law office.

The Supreme Court of Pennsylvania suspended respondent from the practice of law for three years, effective June 29, 2004, for knowingly and intentionally converting third-party funds,

misrepresenting her receipt of funds and engaging in false certifications in her attorney annual fee forms.

Petitioner moves for an order imposing reciprocal discipline on respondent (*see* 22 NYCRR 806.19). Respondent does not oppose petitioner's motion but requests that any suspension be made concurrent with the Pennsylvania discipline. In mitigation, respondent states that she has no prior disciplinary offenses and suffers from chemical dependence and depression for which she is successfully treating. However, we note that respondent has not made restitution of the converted funds and has committed a serious offense involving dishonesty, fraud, deceit and misrepresentation. Therefore, we conclude that respondent should be reciprocally suspended for a period of three years, effective immediately and until further order of this Court.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that petitioner's motion for reciprocal discipline is granted; and it is further ordered that respondent is suspended from the practice of law in New York for a period of three years, effective immediately and until further order of this Court; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).